UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JERMAINE WOOLEY, | ) | No. ED CV 08-01428-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") made proper

        credibility findings;

2.    Whether the ALJ properly developed the record; and

3.    Whether the ALJ posed a complete hypothetical question to the vocational expert.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ MADE PROPER CREDIBILITY FINDINGS**

In the decision, the ALJ depreciated Plaintiff's credibility with regard to subjective pain complaints. The ALJ found these symptoms to be not entirely credible and not supported by the objective medical evidence. (AR 60.) Plaintiff asserts that the ALJ went no further, and in that manner, failed to make the requisite specific findings to support his conclusion. (See JS at 4, citing Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).

The ALJ specifically cited various evidentiary factors utilized to evaluate credibility. (AR at 60, citing the factors set forth in 20 C.F.R. §416.929 (2008).) Indeed, the ALJ cited at least four specific factors; to wit:

1.    That Plaintiff had engaged in symptom exaggeration during medical examinations for what appeared to be a minor injury;

2.    That the objective medical evidence in the form of radiological studies was essentially normal;

3.    That Plaintiff takes no narcotic pain medication and uses only mild analgesics;

4.    That Plaintiff went through training to be an armed security

2

1         officer and finished the course.
2 (AR 60-61.)

4    In this case, Plaintiff does not dispute the accuracy of the ALJ's recitation of the above factors. Further, these factors do constitute specific and legitimate reasons to depreciate credibility. Thus, the ALJ may, in the credibility determination, rely on a conflict between subjective pain complaints and the medical evidence (see Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)); exaggeration of symptoms; taking only mild pain medications which constitute conservative treatment (see Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985)); and completion of a training course to be an armed security officer. (See, generally, cases cited by Commissioner at JS, p.7.)

15    Thus, the ALJ did in fact make specific findings, and they are supported by the record. Consequently, the Court will not disturb the ALJ's credibility finding.

**II**

**THE ALJ PROPERLY DEVELOPED THE RECORD**

21    Plaintiff asserts that a treating physician from Arrowhead Regional Medical Center ("ARMC") noted on September 30, 2005 [sic] that Plaintiff is capable of part-time work based on his left upper extremity weakness. (JS at 9, setting AR 196.) Plaintiff asserts error because the ALJ failed to consider this opinion.

26    Plaintiff's position lacks merit because the document he references was a notation, not a medical opinion. (See 20 C.F.R. §416.927(a)(2)(2008)("Medical opinions are statements from physicians

3

and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.") In addition, as the Commissioner notes, three months later, a medical source, Mark Avent, D.O., of the same facility noted a normal physical examination during which time Plaintiff was able to use his left hand and arm in making gestures, during random conversation. (AR 61, 218-219.) The ALJ utilized a medical expert ("ME") at the hearing, and in the decision, adopted the restriction on power gripping suggested by the ME. (AR 14-26, 62.)

Thus, the Court fails to see in what manner the ALJ shirked his legal obligations by not properly developing the record. The Court finds no merit in Issue 2.

### III

### **THE ALJ POSED A COMPLETE HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT**

In the third issue, which is related to Plaintiff's second issue, he asserts that the ALJ posed an incomplete hypothetical question to the vocational expert ("VE") by failing to mention the ARMC physician's opinion that Plaintiff is capable of only part-time work. (See JS at 13, citing AR 47-48.) As such, Plaintiff asserts that the questions posed to the VE do not set out all of Plaintiff's limitations and restrictions, as required by case law. (See, e.g., Embry v. Bowen, 849 F.2d 418, 423 (9th Cir. 1998).)

Plaintiff's argument has no merit, because, as the Court has already determined, the notation by the physician regarding part-time

4

work does not constitute a medical opinion.  Further, in this case, the ALJ determined that Plaintiff is able to perform his past relevant work. (AR 62.)  Thus, no VE testimony was necessary. (<u>See</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 255 (9th Cir. 1996).)

For the foregoing reasons, there is no error regarding the testimony of the VE.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: July 17, 2009                    /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE